NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 170668-U

NO. 4-17-0668

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 10, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Edgar County |
| BRANDON CHRISTIE, | ) | No. 03CF92 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Steven L. Garst, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices DeArmond and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, concluding defendant was not entitled to the return of his bail bond deposit.

¶ 2    On July 26, 2017, defendant, Brandon Christie, filed a *pro se* "Motion to Dismiss or Revoke Fines" requesting that the trial court (1) vacate the fines and costs imposed as terms of his sentence to probation and (2) refund his $400 bail bond that had been applied to those fines and costs. Defendant asserted that when his probation was revoked, the terms of his probation were also revoked, including all financial obligations.

¶ 3    The trial court conducted a hearing on defendant's motion, at which only the State appeared. The court vacated the fines and costs that remained outstanding but declined to refund

defendant's $400 bail bond, reasoning that "money that has been previously disbursed cannot be refunded."

¶ 4 On appeal, defendant argues the trial court erred in refusing to refund his $400 bail bond. Alternatively, defendant contends his due process rights were violated because he was not present at the hearing on his motion. We affirm.

¶ 5                                      I. BACKGROUND

¶ 6 In May 2003, the State charged defendant by information with unlawful possession of a controlled substance (count I) (720 ILCS 570/402(c) (West 2002)) and unlawful manufacture of a controlled substance (count II) (720 ILCS 570/401(d) (West 2002)). In June 2003, defendant pleaded guilty to count II and was sentenced to a two-year term of probation to be served consecutively to a sentence of imprisonment he was serving in an unrelated case. The terms of defendant's probation required him to, *inter alia*, report to his probation officer within one week of his release from prison and pay (1) court costs and (2) a $25 per month probation fee.

¶ 7 In April 2005, the State filed a petition to revoke defendant's probation, alleging he violated the terms of his probation by failing to report to his probation officer within seven days of his release from imprisonment, and the trial court issued an arrest warrant. On January 17, 2006, defendant was arrested and posted a $300 bail bond to secure his release from custody. Defendant admitted the allegations in the State's petition, and the trial court ordered a presentence investigation report (PSI) be prepared for resentencing. The PSI stated that the "circuit clerk's office shows an outstanding balance of $755.00."

¶ 8 On August 21, 2006, the trial court resentenced defendant to a three-year term of probation. The terms of defendant's probation required him to, in relevant part, pay (1) a $500

fine, (2) all previously-imposed, unpaid financial obligations, (3) court costs, and (4) a $25 per month probation fee, with his $300 bail bond to apply. The docket sheet shows defendant's bond was "reclassed" and an outstanding balance of $1255 remained following resentencing.

¶ 9 In July 2007, the State filed another petition to revoke probation, alleging defendant consumed illegal drugs in violation of the terms of his probation. Defendant denied the allegations and was ordered to appear at a pretrial hearing in September 2007. Defendant failed to appear at the hearing, resulting in the issuance of an arrest warrant. On September 17, 2007, defendant was arrested and posted a $400 bail bond. In March 2008, the State filed an amended petition to revoke probation. Defendant admitted the allegations in the amended petition, and the trial court ordered a PSI be prepared and continued the cause for resentencing. The PSI stated that the "circuit clerk's office shows an outstanding balance of $900 in probation service fees and $355 in fines/costs."

¶ 10 On June 27, 2008, the trial court revoked defendant's probation and resentenced him to three years' imprisonment. The court did not order defendant to pay any fines or costs as part of his sentence.

¶ 11 Defendant did not file a direct appeal. The record shows no further proceedings until a docket entry dated June 29, 2017. The docket entry reads as follows: "Referral to Collection Agency Entered. (256.50 SA Collections added) New total due is 1,811.50. New balance is 1,111.50."

¶ 12 On July 26, 2017, defendant filed, *pro se*, the instant "Motion to Dismiss or Revoke Fines." Defendant requested that the trial court (1) vacate the fines and costs imposed as terms of his sentence to probation and (2) refund his $400 bail bond. Defendant asserted that the

fines and costs were revoked when his probation was revoked and, as a result, the $400 bail bond that was previously applied to them should be refunded.

¶ 13　　　On July 28, 2017, the trial court briefly discussed the relevant portions of the record and the contents of defendant's motion with an assistant state's attorney (ASA) and then continued the matter "so that the State can take a look at that." The court also stated that defendant "obviously does not need to be here [for the upcoming hearing]."

¶ 14　　　On August 25, 2017, the trial court conducted a hearing on defendant's motion. Defendant was not present, and an ASA appeared for the State. The following exchange occurred at the hearing:

>"MR. GILBERT [(ASSISTANT STATE'S ATTORNEY)]: From what I've seen, what I've looked at, I believe [defendant] is correct in his Motion on these fines. I believe the last time we were in court, the $400 that he was asking for had already been disbursed.
>
>THE COURT: Right. What I would show then on the docket is upon [ASA's] motion, the balance of anything owed is vacated. The matter is to be withdrawn from collections. They're not to do anything else. Any requirement that he appear is vacated. The file is closed.
>
>Indicate on the docket—I guess also indicate on the docket though that money that has previously been disbursed cannot be refunded. And the Clerk is to send a copy of the docket to [defendant]."

¶ 15　　　This appeal followed.

¶ 16　　　　　　　　　　　　　II. ANALYSIS

¶ 17 Defendant argues the trial court erred in refusing to order the refund of his $400 bail bond. Relying on section 110-7 of the Code of Criminal Procedure of 1963 (Criminal Code) (725 ILCS 5/110-7 (West 2004)), defendant contends the circuit clerk had a statutory duty to return his bail bond. Alternatively, defendant argues his due process rights were violated because he was not present at the hearing on his motion.

¶ 18 Paragraph (f) of section 110-7 of the Criminal Code (725 ILCS 5/110-7(f) (West 2004)) provides that the clerk of the court shall return a defendant's bail bond "[w]hen the conditions of the bail bond have been performed and the [defendant] has been discharged from all obligations in the cause ***." Paragraph (h) of the same section provides that the bail bond "shall be applied to the payment of [a judgment for a fine and court costs or either]." 725 ILCS 5/110-7(h) (West 2004).

¶ 19 Here, the trial court did not err in refusing to order the refund of defendant's bail bond because even though the court vacated the balance owed, defendant had previously been obligated to pay (1) the probation fee for each month he was actually on probation and (2) court costs. As part of defendant's sentence, he was required to pay a $25 per month probation fee. Only a defendant "who is actively supervised by the probation and court services department" is obligated to pay the fee. 730 ILCS 5/5-6-3(i) (West 2004). Although defendant's probation was revoked before he served the entire three-year term, he was still required to pay the $25 fee for each month he was on probation. See *id.* The record shows defendant was on probation from January 2006 until it was revoked in June 2008, for a total of 29 months. Thus, defendant was obligated to pay $725 in probation fees ($25 X 29 months), which was in addition to his obligation to pay court costs.

FILED
February 10, 2020
Carla
Bender

¶ 20          Moreover, the dialogue between the trial court and counsel at the hearing strongly suggests that by the time the court entered its order on defendant's motion to dismiss or revoke fines, the $400 bond posted years earlier had already been applied to defendant's prior balance. We note, in resolving defendant's first probation violation the court imposed a $500 fine. Also, the court's order on defendant's motion to dismiss or revoke fines vacated the balance owed at the time the order was entered but did not vacate the imposition of any prior fines. Thus, the court's order in no way vacated the prior application of bond money to previously assessed fines, fees, and costs. Accordingly, we conclude defendant is not entitled to a refund of his bail bond deposit. Based on this conclusion, we also find that, even assuming the trial court erred in conducting the hearing on defendant's motion without defendant being present, any error was harmless beyond a reasonable doubt.

¶ 21                                    III. CONCLUSION

¶ 22          For the reasons stated, we affirm the trial court's judgment.

¶ 23          Affirmed.